IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OCTAVIO HERNANDEZ SUAREZ,**<br><br>Petitioner,<br><br>v.<br><br>**MICHAEL L. BENOV,**<br><br>Respondent. | Case No. 1:14-cv-01189 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

    Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed the instant habeas petition in this Court on July 30, 2014. He is currently incarcerated at Taft Correctional Institution. Petitioner claims arise from his February 24, 2004 conviction in the Eastern District of California. Petitioner was found guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846(a)(1), 841(a)(1), and possession with intent to distribute methamphetamine, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See United States v. Suarez, 185 Fed. Appx. 597, 598 (9th Cir. 2006). Petitioner was sentenced to imprisonment in the custody of the U.S. Bureau of Prisons for 240 months. Id. Presently, Petitioner argues that he actually innocent of the offense because he does not qualify as

a career offender under the Armed Career Criminal Act. (See generally Pet.)

I.     **SCREENING THE PETITION**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.    **JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.

1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner fails to meet either of these requirements. In this case, Petitioner is

challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner did not lack an unobstructed opportunity to present his claims in his § 2255 motion. After his conviction, Petitioner sought direct appeal to the Ninth Circuit. The appeal was denied on June 16, 2006. United States v. Suarez, 185 Fed. Appx. 597, 598 (9th Cir. 2006). Petitioner then moved to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 asserting that he received ineffective assistance of counsel. The Court denied the motion on March 21, 2008. See United States v. Suarez, 2008 U.S. Dist. LEXIS 119542 (E.D. Cal. Mar. 20, 2008). Petitioner then filed a motion to set aside the judgment on the § 2255 motion on June 9, 2010. The motion was denied on June 23, 2010. (See E.D. Cal. Case United States v, Suarez, No. 2:02-cr-00246-WBS-AC, ECF No. 200-01.) Petitioner then filed a motion for reconsideration on July 8, 2010. The motion was likewise denied. (See E.D. Cal. Case United States v, Suarez, No. 2:02-cr-00246-WBS-AC, ECF No. 202-03.)

Petitioner filed a second motion to set aside or vacate the judgment on the § 2255 motion March 20, 2013. The motion was denied on April 30, 2013. (See E.D. Cal. Case United States v, Suarez, No. 2:02-cr-00246-WBS-AC, ECF No. 215, 218, 220.) Furthermore, Petitioner has previously sought relief by way with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, filed on June 14, 2011, Petitioner contended that he was "actually innocent" of the 20 year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) based on the United States Supreme Court decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577, 177 L. Ed. 2d 68 (2010). Hernandez v. Benov, 2011 U.S. Dist. LEXIS 123921 (E.D. Cal. Oct. 25, 2011). The Magistrate Judge, in recommending dismissal of the petition, stated:

> Petitioner claims that he did not have an unobstructed opportunity to present his actual innocence claims in his § 2255 motion and he must now raise it by way of a § 2241 petition. In Carachuri-Rosendo, the

4

> Supreme Court addressed the applicability of a state's recidivist law to the aggravated felony determination in an immigration context. Irrespective of whether the Supreme Court's decision in Carachuri-Rosendo applies to Petitioner's case, his arguments are not persuasive. It is possible that the Ninth Circuit Court of Appeals could grant an application to file a second or successive petition under § 2255 if he were to seek permission. Therefore, Petitioner fails to demonstrate that he has not had an unobstructed opportunity to present this claim for review. Moreover, even if Petitioner had sought authorization from the Ninth Circuit based on the holding in Carachuri-Rosendo and was unsuccessful, his inability to obtain such authorization, in and of itself, would not open the section 2255 escape hatch. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (Section 2241 jurisdiction is not available merely because the courts of appeals refused to authorize a second or successive Section 2255 motion). It appears that Petitioner's filing of the instant § 2241 petition is a transparent attempt to circumvent the requirements attached to filing a § 2255 petition.
>
> Furthermore, Petitioner has failed to demonstrate that his claims qualify under the savings clause of section 2255 because his claims are not proper claims of "actual innocence." In Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.
>
> In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior conviction under California law which subjected him to mandatory enhancement. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy v. Pontesso, 328 F.3d 1057 1060 (9th Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction.") Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

Hernandez v. Benov, 2011 U.S. Dist. LEXIS 123921, 4-7 (E.D. Cal. Oct. 25, 2011). The Court adopted the recommendation of the Magistrate Judge and dismissed the petition on November 7, 2012. Hernandez v. Benov, 2012 U.S. Dist. LEXIS 179819 (E.D. Cal. Dec. 18, 2012). Accordingly, Petitioner as had the opportunity to file multiple § 2255 motions, and has presented no reason why he has not attempted to seek approval to file the instant motion as a second or successive § 2255 motion. Petitioner has not shown

1  that he lacked an unobstructed opportunity to present his claims in his § 2255 motion.

2  While Petitioner states that he is actually innocent of the offense, Petitioner has not presented a case of factual innocence. Instead Petitioner argues that his prior crimes that the district court found to be predicate offenses in the Armed Career Criminal Act no longer qualify and he should not have been considered a career offender. (See Pet.) Petitioner's argument that he should not be treated as a career offender is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch. Marrero v. Ives, 682 F.3d 1190, 1193-94 (9th Cir. 2012) (collecting similar holdings from other circuits).

3  Moreover, even if Petitioner had an unobstructed procedural shot to challenge the finding by the district judge that he was a career offender, his claim would fail. Petitioner argues that Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), demonstrates that he is not a career offender because his prior offenses should not serve as predicate offenses. (See, Pet.) In Descamps, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." Id. at 2282. Even assuming Descamps assists Petitioner, the Supreme Court has not made its holding retroactive. See Jones v. McGrew, 2014 WL 2002245 at *5 (C.D. Cal. May 15, 2014) ("Petitioner cannot maintain that Descamps effected a material change in the applicable law; the Descamps Court clearly communicated its believe that its ruling in the was "dictated" by existing precedent." (citation omitted); Wilson v. Holland, 2014 WL 517531, *3 (E.D. Ky. Feb. 10, 2014) ("there is no indication in . . . Descamps that the Supreme Court made those holdings retroactive to cases on collateral review"); Groves v. United States, 2014 WL 2766171, *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."); Monroe v. U.S., 2013 WL 6199955, *2 (N.D. Texas Nov. 26, 2013) (the Court "did not declare that [Descamps] applied retroactively on collateral attack") (collecting cases). Indeed, it is improbable that

Descamps announced a new rule of law. According to Descamps, Supreme Court "caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." 133 S. Ct. at 2283. "Under our prior decisions, the inquiry is over." Id. at 2286. Accordingly, Petitioner has not met either prong of the savings clause, and the Court recommends that the petition be dismissed.

## III.  **CERTIFICATE OF APPEALABILITY**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529

U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

## IV. **RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 25, 2014      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE